IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NOZIMJON ACHILOV,**

       **Petitioner,**

**v.**                                                                           **2:26-cv-00559-DHU-SCY**

**FNU LNU, Warden of Torrance County**
**Detention Facility; MARY DE ANDA-YBARRA,**
**ICE Director of El Paso Field Office; TODD**
**LYONS, Acting ICE Director; and KRISTI**
**NOEM, DHS Secretary,**

       **Respondents.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner Nozimjon Achilov's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Petitioner is currently in immigration detention and alleges that he was unlawfully detained without the opportunity for a bond hearing, in violation of his due process rights. Doc 1. at 11-16. Petitioner asks the Court to declare his detention unlawful and to grant a writ of habeas corpus ordering Respondents to immediately release him or, alternatively, provide him with a bond hearing. *Id.* at ¶ 7. For the reasons below, the Petition is **GRANTED.**

### I.    FACTUAL BACKGROUND

Petitioner is a citizen of Uzbekistan who entered the U.S. on June 7, 2023 and was released on his own recognizance on the same day. *Id.* at ¶ 17; Doc. 1-2 at 1; Doc. 1-4 at 1. To his counsel's knowledge, Petitioner has no criminal history, which Respondents do not dispute. Doc. 1 at ¶ 19.

On or about December 16, 2025, a trooper stopped Petitioner on Interstate 40 in Beckham County, Oklahoma, during what appeared to be a commercial vehicle/inspection stop while Petitioner was working as a truck driver. *Id.* at ¶ 20. After a period of roadside questioning and delay, an Oklahoma Highway Patrol Driver/Vehicle Examination Report reflected that the stop

1

involved a Level II inspection and stated, "No violations were discovered." *Id.* Despite the inspection report reflecting no violations, the trooper told Petitioner that he would be taken to ICE to "check his status," placed him in handcuffs, and transported him approximately 50–60 miles to meet an Immigration and Customs Enforcement (ICE) officer. *Id.* at ¶ 21.

Since December 16, 2025, Petitioner has been in ICE's custody at the Torrance County Detention Facility in New Mexico. *Id.* at ¶ 23. He has a pending asylum case (Form I-589) and remains in removal proceedings while detained. *Id.* at ¶ 24. On February 2, 2026, an Immigration Judge denied Petitioner's request for release on bond, citing lack of jurisdiction as the basis. *Id.* at ¶ 25.

On February 25, 2026, Petitioner filed the instant Petition, asking this Court to:

(1) Grant the Petition and declare that Petitioner's continued detention violates the Fifth Amendment's Due Process Clause;

(2) Order Petitioner's immediate release from ICE custody forthwith, under appropriate conditions if the Court deems conditions necessary to reasonably ensure appearance and protect the public;

(3) Order expedited consideration of this Petition and set an accelerated schedule for Respondents' response as appropriate; and

(4) Grant such other and further relief as the Court deems just and proper.

*Id.* at 21-22.

On March 9, 2026, Respondents responded to the Petition, acknowledging that "this Court and others have previously ruled that the detention of aliens who have been in the United States for extended periods is not governed by 8 U.S.C. § 1225 but is instead controlled by 8 U.S.C. § 1226, which affords aliens the opportunity for release during immigration proceedings." Doc. 8 at

2

11 (citing *Requejo Roman v. Castro*, CIV. A. No. 25-1076, 2026 U.S. Dist. LEXIS 15709 (D.N.M. Jan. 12, 2026)). Respondents further acknowledge that "if the Court adheres to [*Requejo Roman*], then Petitioner—who had been continuously present in the United States for almost three years when he was re-arrested—would be entitled to a detention hearing." *Id.* Respondents did not distinguish this case from other cases involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argue that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Id.* at 6.

## II.    LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing he is being unlawfully detained in violation of the INA and his Fifth Amendment due process rights.

The Fifth Amendment's Due Process Clause prohibits the government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

## III.    DISCUSSION

The facts of this case are materially indistinguishable from prior cases this Court has decided—such as *Requejo Roman* and *Velasquez Salazar v. Dedos et al.*, ——F.Supp.3d——, 2025 WL 2676729 (D.N.M. 2025)—involving habeas petitioners who were detained within the United

States rather than at a border crossing or port of entry. "Following its decisions in *Requejo Roman* and *Salazar*, as well as the decisions of virtually all other federal courts who have analyzed this issue, the Court holds that noncitizens already present in the United States who entered without inspection are subject to discretionary detention under 8 U.S.C. § 1226 and are entitled to a bond hearing." *Uribe v. Noem*, CIV. A. No. 25-1139, 2026 WL 127621, at *3 (D.N.M. Jan. 16, 2026) (footnote omitted).

The Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention and that the Government's misclassification of Petitioner under § 1225 and resultant denial of a bond hearing deprived him of his right to due process. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. *See* Doc. 8. To ensure Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319 (1976), favor shifting the burden of proof to the Government in any future bond hearing.

## IV.   CONCLUSION

For the reasons stated above, Petitioner's habeas petition (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner within twenty-four (24) hours of this Order and that the parties submit a joint status report to the Court **no later than Monday, March 30, 2026**, confirming Petitioner's timely release. **IT IS FURTHER ORDERED** that Respondents are **RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that Petitioner is a danger to his community or a flight risk.

4

Petitioner may submit an application for attorney's fees within thirty (30) days of this Order pursuant to 28 U.S.C. § 2412. Respondents may respond to Petitioner's application for fees no later than fourteen (14) days after Petitioner's application is filed with this Court.

**IT IS SO ORDERED**.

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

5